# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF
# MASSACHUSETTS, BOSTON DIVISION

| | |
|---|---|
| CHERYL CASWELL ) | **Case No.:** |
| ) | |
| Plaintiff ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| v. ) | |
| ) | **(Unlawful Debt Collection Practices)** |
| KREAM & KREAM, ) | |
| ) | |
| Defendant ) | |
| ) | |

## COMPLAINT

CHERYL CASWELL ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against KREAM & KREAM ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained therein.

3. Defendant conducts business in Massachusetts and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Massachusetts with a mailing address of 7 Iverson Road, Beverly, MA 01915.

7. Plaintiff is a "consumer as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is law firm that engages in debt collection practices with its principal place of business located at 536 Broad St., Suite 5, P.O. Box 117, East Weymouth, MA 02189.

9. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff when seeking to collect the alleged debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and

misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15. At all pertinent time hereto, Defendant was allegedly hired to collect a consumer debt allegedly owed by Plaintiff.

16. The alleged debt at issuer arose out of transactions which were primarily for personal, family, or household purposes.

17. Plaintiff was first contacted by Defendant in early 2008 via a telephone call placed to her work phone.

18. Since that time Defendant has contacted friends, family, and co-workers of Plaintiff in an attempt to collect the alleged debt.

19. Defendant placed numerous calls to Plaintiff, and seemingly random extensions at Plaintiff's place of employment, telling her co-workers that she is a "dead-beat".

20. Plaintiff's boss was angered by the calls, and demanded that Plaintiff have them stopped.

21. Defendant spoke to two of Plaintiff's family members, telling them that Plaintiff would be sued and that he was aware of where Plaintiff lived.

22. Defendant failed to notify Plaintiff, within over a year of their first correspondence, of the name of the company to whom the debt is owed.

23. Defendant failed to ever notify Plaintiff that unless she disputed the debt within 30 days of the initial contact, the debt would be taken as valid.

24. Defendant failed to ever notify Plaintiff of her right to verification of the debt, and the name and address of the original creditor.

25. Plaintiff was told by Defendant, during a 2008 telephone correspondence, that Defendant knew where she lived.

26. In this same year, Plaintiff requested verification of the debt or any documents associated with its origin. Defendant refused to provide any such documentation.

27. As a result, Plaintiff disputes the debt.

28. Moreover, during a May 13, 2010 call at 10:02 a.m., Defendant threatened to garnish Plaintiff's wages.

29. During that same call Defendant said to Plaintiff, "clearly you don't make any good decisions. I will see you in court."

30. Amidst all of these threats, Plaintiff remained in the dark as to the true and correct amount of the debt.

31. During a phone conversation with Defendant Plaintiff was told that her debt amounted to $6,500.00.

32. On the summons, dated, the debt is represented as amounting to $5,513.68.

33. On the most recent letter from Defendant, dated May 12, 2010, the debt is represented as amounting to $5,939.72.

34. All the while, Defendant refused to provide Plaintiff with any sort of documentation or explanation as to how the debt is calculated.

35. Defendant threatened and confused Plaintiff, utilizing deceptive and

unfair methods while attempting to collect the alleged debt.

## CONSTRUCTION OF APPLICABLE LAW

36. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2nd Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2nd Cir. 1993).

37. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

38. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose

in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. <u>Clomon</u>, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## <u>FAIR DEBT COLLECTION PRACTICES ACT</u>

39. Defendant violated the FDCPA in the following ways:

   a. Communicating with Plaintiff at Plaintiff's place of employment, in violation of 15 USC § 1692(c)(a)(3);

   b. Communicating, in connection with the collection of the alleged debt, with persons other then Plaintiff, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector, in violation of 15 USC § 1692(c)(b);

   c. Engaging in conduct of which the natural consequence is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt, in violation 15 USC § 1692d;

   d. Using false, deceptive, and misleading representation and means in connection with the collection of the disputed debt, in violation of 15 USC § 1692e;

   e. Falsely representing the amount of the alleged debt, in violation of 15 USC § 1692e(2);

   f. Representing or implicating that the nonpayment of the alleged debt will result in the garnishment or attachment of Plaintiff's property or wages, in violation of 15 USC § 1692e(4);

   g. Using false representation and deceptive means in an attempt to

        collect the disputed debt, in violation of 15 USC § 1692e(10);

    h. Failing to, within five days after the initial contact with Plaintiff in connection with the collection of the alleged debt, send the consumer a written notice containing any of the following: the amount of the debt, the name of the creditor to whom the debt is owed, a statement that unless the consumer disputes the validity of the debt within 30 days of the initial communication the debt will be assumed to be valid, a statement that is the consumer disputes the debt in writing within the 30 day period the debt collector is required to verify the debt, a statement that, upon written request within the 30 day period, the debt collector will provide the consumer with the name and address of the original creditor, in violation of 15 USC § 1692g(a), 15 USC § 1692g(a)(1), 15 USC § 1692g(a)(2), 15 USC § 1692g(a)(3), 15 USC § 1692g(a)(4), 15 USC § 1692g(a)(5).

40. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and attorney's fees and costs.

**WHEREFORE**, Plaintiff, CHERYL CASWELL, respectfully prays for a judgment as follows:

    a. Declaratory judgment that Defendant's conduct violated the FDCPA;

  b. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

  c. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  d. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3); and

  e. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

DATED: August 5, 2010  KIMMEL & SILVERMAN, P.C..

By: /s/ Craig Thor Kimmel
Craig Thor Kimmel
Attorney ID # 662924
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (215) 540-8817
Email: kimmel@creditlaw.com